

1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT

9          SOUTHERN DISTRICT OF CALIFORNIA

10   MARY PAULINE RIVERA,                    )   Civil No. 11CV38 JAH(JMA)
                                             )
11                    Plaintiff,             )   **ORDER *SUA SPONTE***
     v.                                      )   **DISMISSING COMPLAINT**
12                                           )   **WITHOUT PREJUDICE; AND**
     MARTEN TRANSPORT and                    )   **DENYING PLAINTIFF'S MOTION**
13   HIRERIGHT,                              )   **FOR APPOINTMENT OF**
                                             )   **COUNSEL AND MOTION TO**
14                    Defendant.             )   **PROCEED *IN FORMA PAUPERIS***
                                             )   **AS MOOT**
15                                           )

16   _____

17          Plaintiff, a non-prisoner appearing *pro se*, filed the instant complaint, along with a

18   motion to proceed *in forma pauperis* and a motion for appointment of counsel.  All parties

19   instituting any civil action, suit or proceeding in a district court of the United States,

20   except an application for writ of habeas corpus, must pay a filing fee of $350.  *See*

21   28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the

22   entire fee only if the plaintiff is granted leave to proceed *in forma pauperis* pursuant to 28

23   U.S.C. § 1915(a).  *See* Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999).

24          Notwithstanding payment of any filing fee or portion thereof, a complaint filed by

25   any person seeking to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is subject

26   to a mandatory and *sua sponte* review and dismissal by the court to the extent it is

27   "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking

28   monetary relief from a defendant immune from such relief."  28 U.S.C. § 1915(e)(2)(B);

     Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C.

§ 1915(e)(2)(B) are not limited to prisoners."); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).  28 U.S.C. § 1915(e)(2) mandates that the Court reviewing a complaint filed pursuant to the *in forma pauperis* provisions of Section 1915 make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Fed. R. Civ. P. 4(c)(2).  <u>Lopez</u>, 203 F.3d at 1127.

This Court finds the instant complaint fails to state a basis for federal court subject matter jurisdiction, subjecting the complaint to *sua sponte* dismissal pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.  *See* <u>California Diversified Promotions, Inc. v. Musick</u>, 505 F.2d 278, 280 (9th Cir. 1974)(it is well settled that a court can dismiss a complaint *sua sponte* for lack of jurisdiction).  Plaintiff, a truck driver, alleges that her employer asked her to make a delivery that would cause her to run afoul of legal restrictions that limit the number of hours a truck driver can continuously drive their vehicle.  Because plaintiff did not want to violate those legal restrictions, the delivery was late.  Plaintiff contends the late delivery caused the truck company to issue a bad report against plaintiff that will remain on her record until 2016.  According to the Complaint, this blemish on plaintiff's record prevents her from obtaining a driving position at another trucking company.

However, plaintiff does not indicate how these facts invoke federal jurisdiction. Although plaintiff checked the "federal question" box on her civil cover sheet to invoke federal question jurisdiction, the complaint must allege that the "action[] aris[es] under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Plaintiff's complaint does not so allege.  Thus, absent an averment, federal question jurisdiction is lacking and the complaint must be dismissed pursuant to Rule 12(h)(3).[1]

///

///

///

---

[1] Plaintiff has also failed to allege the citizenship of herself and the defendant, or an amount in controversy.  See 28 U.S.C. § 1332.

## **CONCLUSION AND ORDER**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.    The instant complaint is *sua sponte* **DISMISSED** for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure;

2.    Plaintiff's motion to proceed *in forma pauperis* is **DENIED as moot**; and

3.    Plaintiff's motion for appointment of counsel is **DENIED as moot**.

Dated:      February 10, 2011

_____
JOHN A. HOUSTON
United States District Judge